UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHERINE MARIE WIDMER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,[1]<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No. 3:22-cv-00432-CLB<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**<br><br>[ECF Nos. 15, 18] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Katherine Marie Widmer's ("Widmer") application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Widmer's motion for reversal and remand. (ECF No. 15.) The Commissioner filed a response and cross-motion to affirm, (ECF Nos. 18, 19)[2], and Widmer filed a reply, (ECF No. 20). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 14), the Court concludes that the Commissioner's finding that Widmer could perform past relevant work was supported by substantial evidence. Therefore, the Court denies Widmer's motion for remand, (ECF No. 15), and grants the Commissioner's cross-motion to affirm, (ECF No. 18).

**I.    STANDARDS OF REVIEW**

　　**A.    Judicial Standard of Review**

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

---

[1]　　Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]　　ECF Nos. 18 and 19 are identical documents.

(9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.     Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An

impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-

2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.    CASE BACKGROUND

### A.    Procedural History

Widmer applied for disability insurance benefits ("DIB") on December 5, 2019, with an alleged disability onset date of November 7, 2019. (AR 16, 176, 200.) Widmer's application was denied initially on September 24, 2020, and upon reconsideration on January 22, 2021. (AR 62-75, 77-85.) Widmer subsequently requested an administrative hearing and on November 22, 2021, Widmer and an attorney representative appeared at a telephonic hearing before an ALJ. (AR 37-61.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on January 3, 2022,

finding that Widmer was not disabled because she could perform past relevant work. (AR 16-30.) Widmer appealed, and the Appeals Council denied review. (AR 1-4.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Widmer filed a complaint for judicial review on September 25, 2022. (*See* ECF Nos. 1-1, 5.)

B.     ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. (AR 16-30.) Ultimately, the ALJ found that Widmer could perform her past relevant work and thus, the ALJ found Widmer had not been under a disability as defined in the Social Security Act from the alleged onset date—November 7, 2019—through the date of the decision. (AR 28-30.)

In making this determination, the ALJ started at step one. Here, the ALJ found Widmer had not engaged in substantial gainful activity since the alleged onset date of November 7, 2019. (AR 19.) At step two, the ALJ found Widmer had the following severe impairments: degenerative disc disease of the cervical spine with spinal stenosis – status post C4-C6 ACDF; coronary artery disease; osteoarthritis; obesity; and hypertension. (AR 19-20.) At step three, the ALJ found Widmer did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 21.)

Next, the ALJ determined Widmer has the RFC to perform light work as defined by 20 C.F.R. §§ 404.1567(b) except:

> she is capable of standing/walking 6 hours in an 8-hour workday and sitting 6 hours in an 8-hour workday. She is capable of occasional climbing of stairs/ramps but never climbing ladders/scaffolds. She is capable of frequent balancing and occasional stooping, kneeling, crouching, and crawling. She is capable of frequent handling/fingering bilaterally, and occasional overhead and above the shoulder reaching bilaterally. She must avoid concentrated exposure to extreme cold and heat, vibration, moving mechanical parts, unprotected heights, and fumes, odors, gases, and poor ventilation. (AR 21.)

The ALJ found Widmer's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Widmer's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 22.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, Widmer's reported activities of daily living, and inconsistent statements regarding the nature. (AR 21-28.) At step four, relying on the testimony of the VE, the ALJ determined that Widmer is capable of performing past relevant work as a Cashier, as generally performed in the national economy, as the work does not require the performance of work-related activities precluded by her RFC. (AR 28-29.) Accordingly, the ALJ held that Widmer had not been under a disability since the alleged onset date of November 7, 2019, through the date of the decision, and denied Widmer's claim. (AR 29-30.)

### III.  ISSUE

Widmer now seeks judicial review of the Commissioner's final decision denying DIB under Title II of the Social Security Act. (ECF No. 15.) Widmer raises a single issue for this Court's review: Whether the ALJ properly evaluated the medical opinion evidence in determining Widmer's RFC. (*Id.* at 10-16.)

### IV.  DISCUSSION

Within the administrative record, an ALJ may encounter medical opinions from three types of physicians: treating, examining, and non-examining. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). For claims filed *on or after* March 27, 2017, no deference or specific evidentiary weight, including controlling weight, will be given to any medical opinions or prior administrative medical findings, including those from a plaintiff's medical sources. 20 C.F.R. § 404.1520c(a). When evaluating the persuasiveness of medical opinions and prior administrative medical findings, the most important factors considered are *supportability* and *consistency*. *Id.* (emphasis added). When a finding is made on persuasiveness, there must be an explanation of how the ALJ considered the supportability and consistency factors for a medical source's medical

opinions or prior administrative medical findings within the determination or decision. *Id.*; *see also* 20 C.F.R. § 404.1520c(b)(2).

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support their medical opinions or prior administrative medical findings, the more persuasive the medical opinions or prior administrative medical findings will be. *Id.* at § 404.1520c(c)(1). The more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be. *Id.* at § 404.1520c(c)(2).

The ALJ will consider the following additional factors when evaluating the persuasiveness of medical opinions and prior administrative medical findings, however, the ALJ is not required to explain how the factors were considered:

(1) relationship of the claimant with the medical source:

    (i) length of the treatment relationship,
    (ii) frequency of examinations,
    (iii) purpose of the treatment relationship,
    (iv) extent of the treatment relationship, and
    (v) examining relationship;

(2) specialization of the medical source providing the opinions or findings; and

(3) other factors that tend to support or contradict a medical opinion or prior administrative medical finding.

*Id.* at § 404.1520c(c)(3)-(5).

When an ALJ finds two or more equally persuasive medical opinions or prior administrative medical findings about the same issue that are equally well-supported and consistent with the record, but are not exactly the same, then the ALJ must articulate, within the claimant's determination or decision, how the ALJ considered the other most persuasive factors for those medical opinions or prior administrative medical findings. *Id.* at § 404.1520c(b)(3).

///

///

Widmer filed her claim for DIB on December 5, 2019. (AR 16, 200.) For this reason, the ALJ was required to follow 20 C.F.R. § 404.1520c when considering and articulating the medical opinions or prior administrative medical findings. To evaluate whether the ALJ properly assessed Widmer's limitations in determining her RFC, the Court will look first at whether the ALJ applied the proper legal standard under 20 C.F.R. § 404.1520c and, will then look at whether there was substantial evidence in the record to support the ALJ's decision.

### A. There is Substantial Evidence in the Record to Support the ALJ's Decision regarding Widmer's RFC

Widmer argues the ALJ erred when determining Widmer's RFC because he failed to properly evaluate the opinion of PA-C Chelsea Britto ("Britto"). (ECF No. 15 at 10-16.) In response, the Commissioner states that although Widmer disagrees with the ALJ's conclusion, her mere disagreement is not a basis to overturn the ALJ's decision in this case and at best, Widmer's arguments present a competing interpretation of the record, which does not constitute reversible error. (ECF No. 18.)

As an initial matter, the Court finds the ALJ applied the proper legal standards under 20 C.F.R. § 404.1520c, as he appropriately assessed the supportability and consistency of Britto's opinion as the regulation dictates, including providing an explanation of how the supportability and consistency factors were considered when assessing Britto's medical opinions.

As to Widmer's limitations, the ALJ specifically found that Widmer had the ability to perform light work except:

> she is capable of standing/walking 6 hours in an 8-hour workday and sitting 6 hours in an 8-hour workday. She is capable of occasional climbing of stairs/ramps but never climbing ladders/scaffolds. She is capable of frequent balancing and occasional stooping, kneeling, crouching, and crawling. She is capable of frequent handling/fingering bilaterally, and occasional overhead and above the shoulder reaching bilaterally. She must avoid concentrated exposure to extreme cold and heat, vibration, moving mechanical parts, unprotected heights, and fumes, odors, gases, and poor ventilation. (AR 21.)

In considering the opinion of Britto, the ALJ concluded that Britto's opinion, to the extent it was inconsistent with the RFC assessment, was unpersuasive and not substantially consistent with the medical evidence or Widmer's reported activities of daily living. (AR 28.) Specifically, the ALJ found as follows:

> In November 2021, Chelsea Britto, MHSc, PA-C, reviewed the claimant's medical records and opined that based on her review that the claimant is limited to a range of sedentary exertion. Ms. Britto stated that the diagnostic studies and exam findings are consistent with the claimant's subjective complaints of inability to stand, sit, walk, lift, or carry more than 10 pounds due to pain. (21F). I find this opinion unpersuasive, as it is not substantially supported by medical evidence of record, including imaging studies and examination findings, which showed some limited range of motion, tenderness to palpation and mildly decreased strength in the upper extremities, and a mildly antalgic gait was noted on several occasions. In addition, the opinion is not substantially consistent with the claimant's activities of daily living, including the claimant's March 2021 report to her pain management provider that she recently went camping and did some fly fishing, hiking, etc. (AR 28.)

In determining Widmer's RFC, the ALJ provided a thorough review of the record including medical evidence and subjective testimony regarding Widmer's physical impairments, noting evidence that supported limitations and evidence that contradicted disabling allegations. (AR 21-28.) As noted above, the ALJ provided a thorough review of the evidence throughout the record that supported his RFC determination and specifically noted the supportability and consistency of Britto's opinion. (*Id.*) Additionally, the ALJ did not provide conclusory reasons for rejecting Britto's opinion, but rather the ALJ provided a thorough explanation of the inconsistency of Britto's opinion to the remainder of the evidence and provided specific reasons for finding this opinion inconsistent.

Ninth Circuit precedent holds that an ALJ is responsible for translating and incorporating clinical findings into a succinct RFC and may properly reject an opinion "when it lacks support from objective medical findings or relies upon properly discounted subjective reports of a claimant." *Rounds v. Comm'r of SSA*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Smith v. Berryhill*, 752 F. App'x 473, 475 (9th Cir. 2019) (unpublished), *citing Bayliss*, 427 F.3d at 1216–17. Further, "[w]here evidence is susceptible to more than

one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (In Social Security cases, federal courts "are not triers of fact" and a court "may not substitute its judgment for that of the [ALJ].")

In sum, the ALJ properly considered all the relevant evidence in determining Widmer's physical limitations, including complete assessments of the opinion of Britto following the criteria articulated in the regulations. (AR 21-28.) The ALJ reasonably found Britto's opinion to be unpersuasive, as it was not substantially supported by medical evidence of record, including imaging studies and examination findings. (AR 28.) Additionally, the ALJ found Britto's opinion to not be substantially consistent with Widmer's activities of daily living, including reports of camping, fly fishing, and hiking. (AR 28.) The ALJ's thorough evaluation of the supportability and consistency of this opinion supports the ALJ's conclusions as to Widmer's RFC.

For the above reasons, the Court finds that the ALJ's RFC determination is supported by substantial evidence and is free of legal error.

**V.     CONCLUSION**

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence and is free of legal error.

Accordingly, **IT IS THEREFORE ORDERED** that Widmer's motion to remand (ECF No. 15) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 18) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: March 23, 2023

_____
**UNITED STATES MAGISTRATE JUDGE**